further remark. It may be conceded, that where a suit has been remanded by the appellate court to the inferior state court for a new trial or hearing on the merits upon further testimony, that the cause may be removed from that court to the federal court, as in Akerly v. Vilas [Case No. 119; 24 Wis. 165], or that an equity cause may be thus removed directly from the appellate court while it is still pending therein and before it has been there finally heard, as in Sneed v. Brownlow, 4 Cold. 254. This may be conceded, and yet the removal in the case before us be unauthorized. Clearly the application to remove must be made before the final hearing. Granting that the final hearing is the hearing in the appellate court, when must the application for the removal be made? The answer of the statute is before the final hearing. But this cause was submitted to the supreme court on the merits, on briefs, and by the court taken under advisement months before the petition and affidavit for removal were presented to that court. Taking the most liberal view for the complainants, the cause was finally heard when it was submitted to the court for decision upon the merits. The language of the statute is not that the application for removal shall be before final judgment or decree, but before final hearing, and in an equity suit, the word "hearing" means a trial upon the merits.

2. The cause was not properly removable on the affidavit and petition, for other reasons. It was sought to be removed only as to one of the defendants, namely: Mark R. Cheek, the administrator of Elijah Cheek, deceased. But there were other defendants, and necessary defendants, to the bill. Not to mention others, it is sufficient to refer to the trustee, Lyles, who would be a necessary party to the relief sought. Again, some of the defendants had a cross-bill upon which substantial relief was prayed. The decree of the state court passed upon all these matters, and from that decree the complainants appealed to the supreme court of the state, in which, as to all these parties, the suit was pending at the time the application for removal was made. Now the complainants ask for a removal as to one of the defendants only, or rather show cause for removal as to one only. What becomes of the cause as to the other defendants? Under the act of 1867 there seems to be no authority to a plaintiff to remove a case as to part of several defendants; certainly there is no authority for such removal where the other defendants, not named in the affidavit or petition for removal, are necessary parties to the final determination of the controversy.

An order will be entered dismissing the case out of the court for want of jurisdiction. Ordered accordingly.

NOTE. As to act of March 2, 1867, see Johnson v. Monell [Case No. 7,399]; Sands v. Smith [Id. 12,305]; Case v. Douglas [Id. 2,491]; Allen v. Ryerson [Id. 235]. In The Justices v. Murray, 9 Wall. [76 U. S.] 274, the supreme court held that it was not competent for congress, under the seventh amendment of the constitution, to provide for the removal of a judgment in a state court in which the cause had been tried by a jury to the federal court for a retrial on the facts and law.

---

## Case No. 17,036.

### Ex parte WAGGONER.

[The case reported under above title in 1 Gaz. 77, is the same as Case No. 17,037.]

---

WAGNER, Ex parte. See Case No. 14,174.

---

## Case No. 17,037.

### In re WAGGONER.

[1 Ben. 532; 1 Gaz. 77.] [1]

District Court, E. D. New York. Nov., 1867.

SPECIFICATIONS OF OBJECTION TO A BANKRUPT'S DISCHARGE.

If a creditor opposing a bankrupt's discharge would have a trial under section thirty-one of the bankruptcy act [of 1867 (14 Stat. 532)], his specification of objections must be sufficiently definite to enable the court to see that there exists a fair question of fact, necessary to be determined upon evidence outside of the papers, before the discharge can be granted.

In this case a creditor filed specifications of objections to the bankrupt's discharge, charging: First. That the bankrupt [Samuel D. Waggoner] has not conformed to his duty. 1. In that he has omitted to make a proper statement of the judgments against him referred to in the schedules annexed to his petition. Also the same as to particulars and consideration of the debts owing by him. 2. In that he has omitted to state the places of residence of several of his creditors, with sufficient accuracy to enable them to receive the notices required by said act to be given to them. Second. That he has concealed a large, and the greater part, of his estate and effects, and omitted to state the same in the schedules annexed to his petition. On these specifications the creditor applied for a trial before the court.

BENEDICT, District Judge. To enable an opposing creditor to obtain an order for a trial at a stated session of the district court, under section thirty-one of the bankruptcy act, the specifications must be sufficiently definite and certain to enable the court to see that there exists a fair question of fact, necessary to be determined upon evidence outside the papers, before the discharge can be granted. In the present case the specifications are too general and indefinite, and do not entitle the party to an order for a trial at the stated session; nor do they raise any definite issue upon which

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]